### DESBECKER *v.* MENDELSON.

FRAUDULENT CONVEYANCES—RIGHTS OF CREDITORS.

Property of a debtor, transferred indirectly, without consideration, to his wife, may be subjected to the claims of his creditors, although its value at the time of conveyance was but slightly in excess of incumbrances, if these have been substantially reduced by payments made by him in his wife's name.

Appeal from Mason; Palmer, J., presiding. Submitted April 26, 1898. Decided June 7, 1898.

Bill in aid of execution by Samuel Desbecker and others, copartners as Desbecker, Weill & Company, against Paulina Mendelson, the First National Bank of Ludington, and George N. Stray. From a decree dismissing the bill, complainants appeal. Reversed.

---

[1] Rehearing denied October 3, 1898.

*Sloman & Groesbeck* (*M. B. Danaher*, of counsel), for complainants.

*G. H. Blodgett* (*Fletcher & Wanty*, of counsel), for defendants.

HOOKER, J.  Peter Mendelson was a clothing dealer in Ludington, and owned two store buildings and his stock of goods.  The First National Bank of Ludington held a mortgage upon the buildings of $7,000.  Mendelson had some unsecured debts, and there is convincing evidence that at least a portion of his indebtedness to the complainants was fraudulently contracted.  A portion of the complainants' claim fell due upon June 8, 1894; and on this day Mendelson informed the president of the defendant bank that he was embarrassed pecuniarily, and must fail, and that he contemplated securing home creditors.  Thereupon an arrangement was made whereby he and his wife deeded the buildings to the bank, and it surrendered his notes, but not the accompanying mortgage, and executed a land contract with Mendelson's wife, whereby it agreed to sell, and she to purchase, the premises for $7,000; that sum being the amount then due upon the mortgage. Stray, the president of the bank, then accompanied Mendelson to the office of a lawyer, where the latter executed a mortgage of his stock of goods to his brother-in-law, and, contrary to the advice of both Stray and the lawyer, then or subsequently made a second mortgage upon his stock to his wife, Paulina Mendelson.  A third mortgage was made to another creditor, but it is unimportant.  It is claimed on behalf of the bank that it took the deed to increase its security, by avoiding a foreclosure.  It does not deny that it was taken as security for its claim, which it did not discharge.  A few days after these transactions, Zeif, the brother-in-law of Mendelson, sold the stock upon his mortgage, Mrs. Mendelson becoming the purchaser.  The business continued without serious interruption; being conducted and managed by Mendelson, but in the name of his wife, until his death, which occurred some months later.

The complainants obtained judgment against Mendelson, and this bill is filed in aid of execution.   Meantime, $1,000 has been paid upon the bank claim by checks of Mrs. Mendelson.   It should also be mentioned that the second story of one of the stores was the residence of the Mendelsons.

From our examination of the evidence, we are convinced that this entire transaction, upon the part of Mendelson, was fraudulent, and that the amount paid upon the bank claim was paid by Mendelson, whereby said claim was reduced $1,000.   The bank claim was $7,000.   There was a homestead interest of $1,500, and there was the dower interest of Mrs. Mendelson in the premises, to all of which the levy was subject.   At that time Mendelson was living, and the interest of Mrs. Mendelson was necessarily problematical.   But the claim of the bank and the homestead interest amounted to $8,500, and it is, in our opinion, doubtful if the property could have been sold for more than that without a release of dower.   Mr. Stray testified that he considered the property worth $10,000, and the assessment at $4,000 on a basis of 40 per cent.; and possibly the testimony of one other witness indicates that it might be worth that sum.   That appears to be the full value, however, and several witnesses place the value much lower.   Hence we feel warranted in saying that, at the time the deed and contract were made, the creditors were not injured, as there was no margin for them; and we should not hold that transaction fraudulent on the part of the bank, unless it connived to enable Mendelson to get the title in his wife, on payment which it was expected would be made from his own funds.   We have no doubt that this was the design of Mendelson and his wife, but we have no reason to believe that the bank knew this. This plan was carried out, however, to the extent of the payment made, for we think that Mendelson furnished the $1,000 that was paid, as already stated.   We are of the opinion that the contract should be set aside, the deed treated as a mortgage, and the premises sold upon said

execution, subject to the balance due upon said mortgage, after deducting the payment of $1,000, and subject also to the dower and homestead rights of the widow. The complainants will recover costs against Mrs. Mendelson.

The decree of the circuit court is reversed, and one will be entered here in accordance with the views hereinbefore expressed.

The other Justices concurred.